IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00157-CR

No. 10-06-00158-CR

 

Curtis Lester Ealy,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 3rd District Court

Anderson County, Texas

Trial Court Nos. 27,699 and
28,261

 



ABATEMENT ORDER










 

          Ealy was convicted of possession of a
controlled substance less than one gram and theft by check, a state-jail
felony.  Ealy filed a pro se notice of appeal even though our records indicate
that he was appointed an attorney at the trial court level and that attorney
has not been released.  

          Ealy has additionally filed a pro se
motion for extension of time to obtain court appointed counsel.  In his motion,
he explained that he filed with the trial court an “informa pauperis” and a
motion for the appointment of counsel on appeal.  Recently, Ealy has sent us
more pro se correspondence.

          This appeal is abated to the trial
court to determine whether Ealy is indigent, whether he has been appointed
counsel on appeal, and if so, whether Ealy is being provided with effective
counsel, or whether to grant any other relief necessary to protect Ealy’s
rights.  The trial court is ordered to conduct any necessary hearings and make
appropriate findings and recommendations within 30 days from the date of this
Order.

          Supplemental Clerk’s and Reporter’s
Records are ordered to be filed within 45 days from the date of this Order.

 

                                                          PER
CURIAM

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
abated

Order
issued and filed September 13, 2006

Do
not publish






b> 



DISSENT TO SEVERANCE AND REINSTATEMENT ORDER










 

            The Court’s opinion and judgment in
10-06-00256-CV issued on September 10, 2008.  On September 19, 2008, we
received a notice of bankruptcy of one of the Appellants.  On September 19,
2008, we also received Appellees’ motion for extension of time to file a motion
for rehearing.  On September 22, 2008, we purported to grant the Appellees’
motion for extension of time to file a motion for rehearing until October 27,
2008.  On September 22, 2008, we received a letter from Appellants regarding
the Court’s purported order granting the extension after the notice of bankruptcy
had been received.  On October 7, 2008 we acknowledged the automatic stay due
to having received the notice of bankruptcy, but did not acknowledge the date
of the receipt or the effective date of the stay.  Today we purport to sever
the proceeding on our own motion.  I would not.

            I would first clarify the procedural
posture of the stay by noting that the Court’s September 22, 2008 order
granting Appellees an extension of time in which to file their motion for
rehearing and extending the due date until October 27, 2008 was a void order
because it was issued after we had received notice of the bankruptcy stay.  I
would then inquire of the parties regarding whether the matter was appropriate
for severance; in particular, whether the Appellees’ claims against the
Appellants are severable.  In this proceeding it appears that the Appellees
brought a single claim, albeit multiple theories of product liability, against
multiple but related corporate Appellants.  The judgment for each Appellee is
for the same claim (multiple theories) and precisely the same damages jointly
and severally against each Appellant.  Before I vote to attempt to sever these
Appellants, I would request briefing on the issue of severability.  Further, it
appears we may be creating an undesirable course of proceeding because, while
represented by able counsel, none of the parties has sought this court’s
intervention in this manner.

            Accordingly, I respectfully dissent
from the severance and reinstatement order.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissent
to Severance and Reinstatement Order delivered and filed October 15, 2008

Publish